THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| SUSAN ZIOTS, | ) | Case No.  2:15-CV-00104 DS |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM DECISION AND ORDER |
| STRYKER CORP. ET AL., | ) | |
| Defendants. | ) | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## I.  INTRODUCTION

Defendants initially  moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss the Complaint in this case for failure to state a claim upon which relief can be granted because the claims are barred by the statue of limitations.  Plaintiff opposed the motion asserting that it was more appropriately construed as a motion for summary judgment under Rule 56, and that motion should be denied due to disputed issues of material fact.

The Court agreed that the Motion to Dismiss should be converted to one for Summary Judgment and  Notice of Conversion was entered on July 21, 2015.  The parties were given the opportunity to submit to the Court such material, if any, they wished the Court to consider relative to the now converted Motion for Summary Judgment.  The Court has considered the pleadings and exhibits submitted by counsel.

The facts relevant to the Motion for Summary Judgement are as follows.  Plaintiff Susan Ziots underwent surgery on her right shoulder at Dixie Regional Medical Center in

St. George, Utah in October 2005.  She was treated post-operatively with a Stryker pain pump.  Plaintiff alleges that use of the pain pump caused degeneration of shoulder cartilage resulting in permanent disability in 2007.

On October 2, 2009, Plaintiff filed a lawsuit in the Superior Court of California, County of Los Angeles, alleging that she suffered degenerative cartilage damage from a physician's use of a pain pump after her October 2005 shoulder surgery.  That lawsuit, captioned *Fleshman et al., v. I-Flow, Inc., et al,*  was filed by multiple plaintiffs, including Ms. Ziots, against multiple defendant pain pump and anesthetic manufacturers.  The Stryker Defendants were not named in the initial complaint.  The matter was later consolidated with other infusion pump cases in the California state court system and became part of the California Coordinated Infusion Pump Proceeding before Judge Andler in May 2010 in Orange County Superior Court  (the "California Case") .

Each plaintiff in the California Case was required to file a product identification sheet identifying the specific product the plaintiff claimed caused his or her injuries and identifying the specific defendant that allegedly manufactured the product.  Each defendant was required to file a response.  Based on the operative report from her 2005 surgery, which referred to the pain pump as a "PainBuster catheter", Plaintiff filed her product identification sheet on November 29, 2010, stating that the  pain pump used during her surgery was a "PainBuster catheter" manufactured by I-Flow.

On March 11, 2011, I-Flow filed its response to Plaintiff's identification sheet  stating that Plaintiff had not sufficiently identified the pain pump used in her surgery for I-Flow to admit or deny that it had manufactured the device, in part,  because "PainBuster catheter" did not  confirm that the pain pump used in Plaintiff's surgery was manufactured by I-Flow.

Plaintiff  stated in the California Case that she learned that Stryker, not I-Flow, manufactured the pain pump used in her 2005 surgery through a March 2013 subpoena and deposition notice served on Dixie Regional Medical Center.  Defendant I-Flow was dismissed and Plaintiff moved for leave to amend her Complaint to add the Stryker entities as  defendants.  That motion was  denied by the trial judge and on appeal.

Plaintiff filed her Complaint in this Court on February 13, 2015.

## II.  SUMMARY JUDGEMENT STANDARD

Under Fed. R. Civ. P. 56, summary judgment is proper only when the pleadings, affidavits, depositions or admissions establish there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law.  The burden of establishing the nonexistence of a genuine issue of material fact is on the moving party.[1] *E.g., Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).  This burden has two distinct components:  an initial burden of production on the moving party, which burden when satisfied shifts to the nonmoving party, and an ultimate burden of persuasion, which always remains on the moving party.  *See* 10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2727 (2d ed. 1983).

The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Id*.  If the nonmoving party cannot muster sufficient evidence to make out a triable issue of fact on his claim, a trial would be useless and the moving party is entitled to summary judgment as a matter of law.  *Celotex*, 477 U.S. 242.

---

[1]Whether a fact is material is determined by looking to relevant substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242.

3

## III.  DISCUSSION

**Statute of Limitations Bar**

It is undisputed that Plaintiff's claims are subject to the two year statute of limitations provided by the Utah Products Liability Act which provides:

> A civil action under this part shall be brought within two years from the time the individual who would be the claimant in the action discovered, or in the exercise of due diligence should have discovered, both the harm and its cause.

Utah Code Ann. § 78B-6-706.

Defendants assert that Plaintiff's claims are barred by Utah's two year statute of limitations because her February 13, 2015 Complaint  was filed beyond two years after Plaintiff discovered or should have discovered her injuries and their causes.

A plaintiff is deemed to have discovered "both the harm and its cause" when she discovers "(1) that she has been injured; (2) the identity of the maker of the allegedly defective product, and (3) that the product had a possible causal relation to her injury." *Hansen v. Novartis Pharmaceuticals Corp.*, No. 2:08-cv-985, 2011 WL 6100848, at *3 (D. Utah Dec. 7, 2011)(citing *Aragon v. Clover Club Foods Co.*, 857 P.2d 250, 252-53 (Utah App. 1973). "[A]ll that is required to trigger the statute of limitations is sufficient information to put plaintiff[] on notice to make further inquiry if [she] harbors doubts or questions." *Id*. (citations omitted).

It is undisputed, and the record reflects, that Plaintiff discovered both that she had been injured and the possible causal relation between a pain pump and her injuries by at

least 2009.[2]  What remains to be considered to resolve this matter is when Plaintiff should have discovered the identity of the manufacturer of the pain pump with which she was treated.

"It is well established that plaintiffs 'cannot simply wait for information regarding a potential defendant to come to them.' *Willis v. Wal-Mart Stores, Inc*., 819 F. Supp. 2d 700, 704 (M.D. Tenn. 2011).  Rather, '[a] plaintiff has a duty to act with reasonable diligence to ascertain the identity of a defendant.' *Id*." *Pratt v Cavagna North America, Inc*., No. 2:13-cv-107, 2013 WL 6146075, at * 4 (D. Utah Nov. 21, 2013).   A plaintiff is on inquiry notice to discover the identity of a product manufacturer when she discovers that she has been injured by a defective product.  *See  e.g. Griffiths-Rast v. Sulzer Spine Tech*., 216 Fed. Appx. 790, 796 (10th Cir. Feb. 15, 2007).[3]

The Court agrees with Defendants that Plaintiff was on inquiry notice and had a duty to investigate the identity of the pain pump manufacturer no later than March of 2011.  That is when  Ms. Ziots  received the response from I-Flow to her product identification sheet filed in the California Case  that informed her that she had failed to provide sufficient information to  identify the pain pump used in her 2005  surgery.  I-Flow specifically stated

---

[2] *See* e.g. Plaintiff's Mem. Opp'n at 12, note  5.

[3] A party on inquiry notice, with the ability to discover a certain fact, may be deemed to have discovered it.  *See Baldwin v. Burton*, 850 P. 2d. 1188, 1196 (Utah 1993)(citation omitted) ("'The means of knowledge is equivalent to knowledge.  A party who has opportunity of knowing the facts ... cannot be inactive and afterwards allege a want of knowledge that arose by reason of his own laches and negligence.'") .  *See also First Am. Title Ins. Co.  v. J. B. Ranch, Inc.*, 966 P. 2d 834, 838 (Utah 1998)(citation and quotation marks omitted) ("Whatever is notice enough to excite attention and put the party on his guard and call for inquiry is notice of everything to which such inquiry might have led.").

that Plaintiff's product identification was inadequate because she failed to provide "a Reference Number/Model Number, Lot Number, chart sticker or other information confirming that the pain pump used during [Plaintiff's] October 25, 2005 surgery was manufactured by I-Flow [and because] ... words and phrases ... such as 'PainBuster catheter' do not confirm product ID as to I-Flow." Norton Decl., Ex. 1, Vol. 6, at 1509.

Plaintiff as a party to the California Case commenced in 2009, through her attorneys had the ability and right to request or copy her medical records. Indeed, after Plaintiff's second request for records from Dixie Regional Medical Center in March of 2013, the billing ledger identifying Stryker as the manufacturer of her pain pump was produced. Plaintiff offers no viable explanation why she waited until March of 2013, to seek any additional information on the identity of manufacturer of her pain pump when she was on notice in March of 2011, that she had failed to adequately identify the product's manufacturer.

Plaintiff's suggestion that she was prevented from discovering the manufacturer earlier due to a court ordered discovery stay is rejected. Although, Plaintiff contends that she was prohibited from deposing treating physicians in the California Case she, nevertheless, acknowledges that limited discovery was later timely allowed.[4] More importantly, the record clearly reflects that Plaintiff was not prevented from discovering the manufacturer earlier due to any stay of discovery. At a September 7, 2012 hearing, Judge Andler in the California Case stated that she had "previously indicated that the discovery

_____

[4]Plaintiff has acknowledged that any limitations on discovery in the California Case were lifted when "[i]n August of 2012, Plaintiff's case was unlocked for trial purposes and the parties were allowed to proceed with additional forms of discovery". Norton Decl., Ex.1, Vol. 6 at 1537.

stay would not limit the ability of the parties to do limited third party discovery to determine product identifications by sending subpoenas and conducting limited depositions of those facilities and hospitals and other organizations and entities...."  Norton Decl., Ex. 6 at 8. Clearly Plaintiff was not prevented from seeking earlier the very discovery that finally resulted in Stryker being identified as the manufacturer of the pain pump used in her treatment..

Plaintiff was on inquiry notice with the means to discover the correct identity of the pain pump manufacturer no later than March of 2011.  Plaintiff had a duty to act with reasonable diligence to discover the identity of the pain pump manufacturer and to bring her case against the correct defendant(s).  That she failed to do. Based on the applicable law and the record evidence, the Court concludes as a matter of law that Plaintiff failed to exercise due diligence to identify the manufacturer of her medical device and timely file her case.  Because Plaintiff did not file the Complaint in this case until  February of 2015, almost  four years after being placed on inquiry notice and beyond the two year period allowed under the applicable statute of limitations for asserting her claim, her claim is barred.

## IV CONCLUSION

For the reasons stated, as well as generally for those reasons set forth by Defendants in their  pleadings, Defendants' Motion to Dismiss (Doc. #11), which after

notice was converted to one for Summary Judgment, is granted.[5]  The Clerk of Court is requested to enter judgement for Defendants.

IT IS SO ORDERED.

DATED this 2nd  day of September, 2015.

BY THE COURT:

DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[5]Plaintiff's alternative suggestion that she be allowed to amend her Complaint should the Court grant the Motion to Dismiss is moot and rejected as such.